# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BARBARA DAVIS, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:07-cv-00070 |
| | JUDGE ECHOLS |
| CIGNA GOVERNMENT SERVICES, LLC, | MAGISTRATE JUDGE BROWN |
| Defendant. | |

## JOINT MOTION TO STAY PROCEEDINGS PENDING ARBITRATION

Defendant CIGNA Government Services, LLC ("Defendant" or "CGS") and Plaintiff Barbara Davis (collectively, "the Parties"), by and through their respective attorneys, and pursuant to the Federal Arbitration Act (9 U.S.C. §§ 1 *et seq.*), respectfully move the Court to stay the proceedings in the above-styled case pending the final resolution of Plaintiff's claims through binding arbitration. In support of their Motion, the Parties state as follows.

1. On January 19, 2007, Plaintiff initiated this action by filing suit in this Court. Plaintiff, a former employee of CGS, alleges that CGS violated her rights under the Americans With Disabilities Act, Title VII of the Civil Rights Act of 1964, the Tennessee Handicap Act, and the Tennessee Human Rights Act.

2. When Plaintiff applied for employment with Defendant in January of 2004, she completed an application that contained a written agreement to resolve all employment-related disputes "exclusively through" the Company's "internal and external employment dispute resolution processes." Plaintiff signed her application directly under the following bold-faced language.

> **I AGREE THAT IN RETURN FOR BEING CONSIDERED FOR EMPLOYMENT AND/OR RECEIVING AN OFFER OF EMPLOYMENT, I WILL RESOLVE ANY DISPUTE ABOUT MY CANDIDACY FOR EMPLOYMENT, EMPLOYMENT OR CESSATION OF EMPLOYMENT <u>EXCLUSIVELY</u> THROUGH THE INTERNAL AND EXTERNAL EMPLOYMENT DISPUTE RESOLUTION PROCESSES OF MY EMPLOYER, WHICH INCLUDES FINAL AND BINDING ARBITRATION WITH A NEUTRAL ARBITRATOR. I UNDERSTAND THAT MY EMPLOYER ALSO AGREES TO FOLLOW THE DISPUTE RESOLUTION PROCESSES AND THAT COPIES OF THE POLICIES AND PROCEDURES DESCRIBING THE DISPUTE RESOLUTION PROCESSES ARE AVAILABLE TO ME.**

(Emphasis in original.)

3. After she was hired by Defendant, Plaintiff received Defendant's employee handbook, entitled "*You and CIGNA for Hourly Part-Time Employees*" (hereinafter the "Handbook" or "*You and CIGNA*"). The first page of the Handbook states (in pertinent part):

> This handbook contains important information about your contract of employment as well as policies and programs that relate to you in your work at CIGNA and about benefits for which you may be eligible. ***The terms of your employment mentioned in this Handbook are legally binding, and you may wish to review these terms with your legal counsel.***
>
> ***
>
> [B]y accepting employment and being eligible to receive increases in compensation and benefits, you agree that you will not go to court for a hearing to decide an employment-related claim. Instead, you will resolve all employment-related legal disputes (except worker's compensation and unemployment compensation) by going to a neutral third-party arbitrator.

(Emphasis in original).

4. Defendant's Employment Dispute Resolution Process is described on pages 24-27 of *You and CIGNA*. With respect to the arbitration component of the Dispute Resolution Process, the Handbook provides (in pertinent part) that:

> ***Mutual promises by both the employee and the employer to arbitrate employment related legal claims is a term and condition of an employee's***

> ***employment and arbitration must be used rather than going to court to enforce legal rights and claims.***
>
> The agreement to arbitrate applies to serious employment-related disagreements and problems, which are those that concern a right, privilege, or interest recognized by applicable law. Such serious disputes include claims, demands or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Equal Pay Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Family and Medical Leave Act, and any other federal, state or local statute, regulation or common law doctrine, regarding employment discrimination, conditions of employment, or termination of employment. The agreement of the employee and the employer is that arbitration must be used instead of going to court.

(Emphasis in original).

5. On February 9, 2004, Plaintiff signed an "Employee Handbook Receipt and Agreement" acknowledging that she "received [her] copy" of the Handbook. The "Handbook Receipt and Agreement" that Plaintiff signed states that:

> I understand that by accepting employment and being eligible to receive increases in compensation and benefits, I am agreeing to the following two important terms of my employment described in ***You and CIGNA for Hourly Part-Time Employees***: (1) my employment can be terminated by me or my employer at any time for any reason -- therefore, my employment is at the will of either party, and (2) I will use the Company's internal and external employment dispute resolution processes to resolve legal claims against the Company -- therefore rather than go to court, I will submit my employment related legal claims to final and binding neutral third party arbitration.

(Emphasis in original).

6. The Federal Arbitration Act ("FAA") establishes a "strong federal policy in favor of arbitration." *Wilks v. The Pep Boys*, 241 F.Supp.2d 860, 863 (M.D. Tenn. 2003). Section 3 of the FAA provides (in pertinent part) that: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . . shall on application of one of the parties stay the trial of the

action until such arbitration has been had in accordance with the terms of the agreement . . ." 9 U.S.C. § 3.

7. This lawsuit is referable to arbitration pursuant to the Parties' written agreement, as set forth above. Accordingly, the Parties respectfully request that the Court grant the instant Motion and order that this lawsuit be stayed pending the final resolution of Plaintiff's claims through binding arbitration.

WHEREFORE, the Parties respectfully request that the Court grant the instant Motion. A proposed Order is attached hereto for the convenience of the Court.

Respectfully submitted this 16th day of March, 2007.

| | |
|---|---|
| s/ Wade B. Cowan<br>Wade B. Cowan, Esq.<br>S.C. # 9403<br>Suite 225<br>150 Second Avenue North<br>Nashville, TN 37201<br>Tel: 615.256.8125, ext. 230<br>Email: wcowan@dhhrplc.com<br><br>Counsel for Plaintiff Barbara Davis | s/ Eric K. Smith<br>Eric K. Smith<br>Tennessee BPR # 017816<br>LITTLER MENDELSON, P.C.<br>3348 Peachtree Road NE<br>Suite 1100<br>Atlanta, Georgia 30326-1008<br>Telephone: 404.233.0330<br>Facsimile: 404.233.2361<br>Email: esmith@littler.com<br><br>Aubrey B. Harwell III<br>Tennessee BPR No. 17394<br>NEAL & HARWELL, PLC<br>Suite 2000<br>One Nashville Place<br>150 Fourth Avenue North<br>Nashville, TN 37219<br>Telephone: (615) 244-1713<br>Facsimile: (615) 726-0573<br>Email: tharwell@nealharwell.com<br><br>Counsel for Defendant<br>CIGNA Government Service, LLC. |

| | |
|---|---|
| BARBARA DAVIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CIGNA GOVERNMENT SERVICES, LLC,<br><br>　　　　Defendant. | CIVIL ACTION NO. 3:07-cv-00070<br><br>JUDGE ECHOLS<br>MAGISTRATE JUDGE BROWN |

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, I filed the foregoing *Joint Motion To Stay Proceedings Pending Arbitration* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record: Wade B. Cowan (counsel for Plaintiff).

　　　　　　　　　　　　　　　　　　s/ Eric K. Smith
　　　　　　　　　　　　　　　　　　Eric K. Smith
　　　　　　　　　　　　　　　　　　BPR No. 017816
　　　　　　　　　　　　　　　　　　LITTLER MENDELSON, P.C.
　　　　　　　　　　　　　　　　　　3348 Peachtree Road, N.E.
　　　　　　　　　　　　　　　　　　Suite 1100
　　　　　　　　　　　　　　　　　　Atlanta, GA 30326-1008
　　　　　　　　　　　　　　　　　　Telephone: (404) 233-0330
　　　　　　　　　　　　　　　　　　Facsimile: (404) 233-2361
　　　　　　　　　　　　　　　　　　Email: esmith@littler.com

　　　　　　　　　　　　　　　　　　Counsel for Defendant